Mosser and others *vs.* The Pequest Mining Company and others.

1. Where a controversy is already before this court, and the whole matter may be adjusted here, and in justice to some of the parties to it, ought to be disposed of here, jurisdiction will be retained.

2. Where the effect of the dissolution of an injunction will be to permit the defendants to proceed at law, to enforce their claim against a fund in controversy, and to compel the holders of the fund, in order to protect themselves against loss from conflicting claims, to seek the aid of this court, the injunction will be retained.

On motion to dissolve injunction.

*Mr. J. M. Robeson,* for the motion.

*Mr. J. G. Shipman,* contra.

THE CHANCELLOR.

The complainants file their bill to compel payment to them, under what they insist is an equitable assignment, of certain money in the hands of The Pequest Mining Company, due to Samuel McHose, on a contract made by him with that company for building a furnace for them in Warren county. The complainants, being creditors of McHose, who was indebted to them for materials furnished for the work, obtained

an order from him on the company, for the money so due to them. This order was exhibited to the president, who retained it. Afterwards another one, for a larger amount, was drawn on the company by McHose, in favor of the complainants, for the amount of the former order and other money due to the complainants from McHose. This was also exhibited to the president, and was left with him in substitution for the former order. The defendants, Cole and Heilman, were also creditors of McHose, who was indebted to them also for materials furnished for the furnace. He gave them an order on the company for the amount of their claim, which was exhibited to the president on the same day on which the first mentioned order of the complainants was exhibited to him. This order the president also retained in his possession. The complainants insist that the order in favor of Cole and Heilman was shown to the president after theirs was exhibited to him. Cole and Heilman subsequently gave notice under the mechanics lien law to the company, of their demand against McHose, and notified and requested them to retain the amount out of any money then due, or which might thereafter become due, to McHose, on account of the contract. Subsequently to the giving of this notice, the complainants gave a like notice to the company in respect of their demand, and also notified them that they claimed the money in their substituted order mentioned, on the ground of equitable assignment. On the filing of the bill an injunction was granted to restrain the company from paying to Cole and Heilman the money claimed by them. Cole and Heilman having answered the bill, now move to dissolve the injunction. They insist that they should be permitted to proceed at law, to enforce their claim in pursuance of their notice, leaving the complainants to enforce theirs, if any they have, against the company on the ground of equitable assignment; and they insist they have no interest in this suit. The company are the holders of a fund in which the complainants claim an interest adverse to that of Cole and Heilman. The controversy between the parties is in reference to that fund. If the complainants

establish their claim of equitable assignment, they will be entitled to priority in payment over Cole and Heilman. To permit the latter to proceed against the company at law, will compel the company, in order to protect themselves against loss from these conflicting claims, to seek the aid of this court. The controversy is already here, and in justice to the complainants and the company it should be disposed of here. Cole and Heilman may file a cross-bill in this suit to establish their claim, and the whole matter may be adjusted in this court, and the money awarded according to the rights of the parties. The motion to dissolve the injunction will be denied, but without costs.